B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __Texas__

In re __Trash Chomper LLC__
_Debtor_

*(Complete if issued in an adversary proceeding)*

Case No. __22-40745__

Chapter __7__

_____
_Plaintiff_

v.

Adv. Proc. No. _____

_____
_Defendant_

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Sandra Perry, 12 Cowboys Way #1512, Frisco, TX 75034 or 9201 Warren Parkway, Apartment 200, Frisco, TX 75034

*(Name of person to whom the subpoena is directed)*

[X] **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE | 660 North Central Expressway, third floor<br>Plano, TX 75074 | COURTROOM | |
|---|---|---|---|
| | | DATE AND TIME | July 5, 2022 @ 1:00 PM |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

see attached Exhibit "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __6/27/2022__

CLERK OF COURT

_____ OR _____/s/ Patrick J. Schurr/_____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Trash Chomper LLC__, who issues or requests this subpoena, are: Patrick J. Schurr
patrick.schurr@solidcounsel.com
214.472.2136

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __SANDRA PERRY__
on *(date)* __6/27/22__

☒ I served the subpoena by delivering a copy to the named person as follows: __SANDRA PERRY__
__12 COWBOYS WAY, #1512, FRISCO TX 75034__
on *(date)* __6/27/22__ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __40.00__.

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0__.

I declare under penalty of perjury that this information is true and correct.

Date: __6/27/22__

__R. L. [signature]__
*Server's signature*

__ROB SIMPSON, PROCESS SERVER__
*Printed name and title*

__2701 W 15 ST, SUITE 549, PLANO TX 75075__
*Server's address*

Additional information concerning attempted service, etc.:

JOB #2051

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

1. Any and all documents[1] that constitute or refer to in any way, directly or indirectly, to each person or entity authorized on behalf of Trash Chomper LLC to open a business checking account to replace the account ending in 3004 on or about April 13, 2022 at PlainsCapital Bank.

2. Any and all documents that constitute or refer to in any way notices provided to the managers of Trash Chomper LLC of any meetings to discuss the opening of a new business checking account to replace the existing account ending in 3004 on or about April 13, 2022 at PlainsCapital Bank.

3. Any and all documents that constitute or refer to in any way, directly or indirectly, to each person or entity authorized on behalf of Trash Chomper LLC to open a new business checking account after PlainsCapital froze Trash Chomper LLC's business checking accounts ending in 3004 and 9901 on or about April 14, 2022.

4. Any and all documents that constitute or refer to in any way, directly or indirectly, payments made by Service One LLC to Trash

---

[1] As used in this Subpoena, the term "document" shall mean any writing or any other tangible thing known to you whether or not in your custody, possession or control - whether printed, recorded, reproduced by any process, or written or produced by hand, and <u>whether or not claimed to be privileged or exempt from production for any reason</u>. Set forth below is a list of examples of writings and tangible things which are included within this definition. The list is not an exclusive embodiment of the writing and tangible things included within this definition, but rather is intended to aid you in answering the interrogatories which follow. Examples of writings and tangible things included within the definition of document are as follows: Letters; reports; agreements; communications, including intracompany communications; correspondence; telegrams; memoranda; summaries and/or records of conversations; diaries; forecasts; photographs; tape recordings; models; statistical statements; graphs; laboratory and engineering reports and/or notebooks; charts; plans; drawings; minutes or records of conferences; expressions and/or statements of policy; lists of persons attending meetings or conferences; reports and/or summaries of interviews; reports of consultants; appraisals; records; reports; and/or summaries of negotiations; brochures; pamphlets; advertisements; circulars; trade letters; press releases; drafts of any documents; revisions of drafts of any documents; canceled checks; bank statements; invoices; receipts; and any draft or preliminary form of any document is also to be considered a separate document.

EXHIBIT "A" TO SUBPOENA – PAGE 1

Chomper LLC for services rendered since April 14, 2022 by Trash Chomper LLC to Service One LLC.

5. Any and all documents that constitute or refer to in any way, directly or indirectly, payments made by any customer other than Service One LLC to Trash Chomper LLC for services rendered since April 14, 2022 by Trash Chomper LLC to any other customer other than Service One LLC.

6. Any and all documents that constitute or refer to in any way, directly or indirectly, deposits made into a business checking account of Trash Chomper LLC other than the accounts frozen at PlainsCapital Bank since April 14, 2022 for services rendered since April 14, 2022 by Trash Chomper LLC to any customer of Trash Chomper LLC, including but not limited to Service One LLC.

7. Any and all documents that constitute or refer to in any way meetings conducted by the members or managers Trash Chomper LLC since April 14, 2022 authorizing the opening of a new checking account at a financial institution other than PlainsCapital Bank.

8. Any and all documents that constitute or refer to in any way meetings conducted by the members or manager of Trash Chomper LLC since April 14, 2022 authorizing any person to change the password and lock out Chuck Tomasello from the QuickBooks account of Trash Chomper LLC.

9. Proof of insurance held by Trash Chomper LLC since May 6, 2022 for that certain 2000 Ford F-350 Crew 4x4 VIN #1FTSW31F5YEA47065 and that certain 2016 Ford F350.

10. Any and all documents that constitute or refer to in any way to any rental payments made by Trash Chomper LLC to Service One LLC since April 14, 2022 for those three (3) 14 yard dumpster and 1 goose neck hauler pursuant to the Equipment Lease Agreement dated August 12, 2020.

11. Any and all documents that constitute or refer to in any way to any rental payments made by Trash Chomper LLC to Service One LLC since April 14, 2022 for those six (6) 14 yard dumpsters and goose neck hauler pursuant to the Equipment Lease Agreement dated November 1, 2020.

12. Any and all documents that constitute or refer to in any way to any rental payments made by Trash Chomper LLC to Service One LLC since April 14, 2022 for pursuant to the Equipment Lease Agreement dated October 10, 2020 for that certain 2015 Ford F-350 Super duty VIN #1FT8W3DT0FEA10305.

13. The current location of the twenty (20) dumpsters owned by Trash Chomper LLC.